UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
STEVE S. HONG,

               Plaintiff,

-against-

JT HOME MANAGEMENT LLC, JUDAH J.
TAUB, and DOES 1 THROUGH 10,

               Defendants.
--------------------------------------------------------------- X

**REPORT AND RECOMMENDATION**

18-MC-2612 (ARR)(PK)

**Peggy Kuo, United States Magistrate Judge:**

      Before me on referral from the Honorable Allyne R. Ross for a report and recommendation is a Motion for Attorneys' Fees filed by Plaintiff-Judgment Creditor Steve S. Hong ("Plaintiff") against Defendants-Judgment Debtors JT Home Management LLC and Judah J. Taub ("Defendants"). (*See* "Motion," Dkt. 15.) For the reasons stated herein, I respectfully recommend that the Motion be granted, and that Plaintiff be awarded $8,891.00 in attorneys' fees.

## BACKGROUND

      On October 1, 2018, Plaintiff registered in this District a judgment entered in the United States District Court for the Central District of California and served Defendants with discovery and deposition requests. (Registration of Foreign J., Dkt. 1.) After Defendants failed to comply with Plaintiff's requests, Plaintiff filed a motion to compel, dated April 16, 2019. (Mot. to Compel, Dkt. 3.) The Court granted Plaintiff's motion on May 16, 2019 and ordered Defendants to comply with Plaintiff's discovery and deposition requests. (Order dated May 16, 2019.)

      On January 28, 2020, Plaintiff filed a second motion to compel, requesting that the Court order Defendants to comply with Plaintiff's outstanding document requests and for various individuals to appear for depositions. (Second Mot. to Compel, Dkt. 10.) The Court held a hearing

1

by telephone on March 3, 2020 and granted Plaintiff's motion. It directed the parties to produce all documents and complete all depositions. The Court also granted Plaintiff leave to file a motion for attorneys' fees. (Minute Entry dated Mar. 3, 2020.)

On March 11, 2020, Plaintiff filed the Motion, seeking an award of $13,685.00 in attorneys' fees and costs for successfully bringing his second motion to compel and for drafting the request for fees. (Mot. at 1.) Defendants filed a response in opposition. (Defs.' Resp., Dkt. 16.) The case was stayed pending settlement and compliance with the settlement agreement,[1] after which Plaintiff filed a Reply on February 24, 2023, requesting an additional $12,665.00 in attorneys' fees. (Pl. Reply, Dkt. 41.) Defendants were permitted to file a Sur Reply. (Defs.' Sur Reply, Dkt. 43.)

## DISCUSSION

### I. Plaintiff is Entitled to Reasonable Expenses Incurred in Making the Motion

Federal Rule of Civil Procedure 37(a)(5)(A) provides that when a court grants a motion to compel, it must, "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But a court "must not order this payment if," as relevant here, "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). A substantial justification exists "where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, or if there exists a genuine dispute concerning compliance." *Jackson v. Nassau County*, 602 F. Supp. 3d 352, 355 (E.D.N.Y. 2022)

---

[1] The parties' motion to stay the case pending settlement was granted on October 13, 2020. (Order dated Oct. 13, 2020.) On August 6, 2021, the parties filed their settlement agreement, dated July 24, 2020. (Settlement Agreement, Dkt. 28.) Following multiple extensions and adjournments due to Defendants' failure to comply with the terms of the Settlement Agreement (*see, e.g.*, Order dated Mar. 25, 2022; Order dated Oct. 3, 2022), a further briefing schedule on the Motion was set. (Minute Entry dated Feb. 10, 2023.)

(citing *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012)). This requires only "an inquiry as to 'an objective test of reasonableness' and not as to whether the party or counsel acted in 'good faith.'" *Jackson*, 602 F. Supp. 3d at 355 (quoting *Cardwell v. Davis, Polk & Wardwell, LLP*, No. 19-CV-10256 (GHW), 2021 WL 2650371, at *2 (S.D.N.Y. June 28, 2021)). The burden is on the nonmoving party to show that "his failure is justified." *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) (quoting Advisory Committee Note to 1970 Amendments to Fed. R. Civ. P. 37.)

The Court granted Plaintiff's second motion to compel. Thus, unless Defendants meet their burden of showing substantial justification for not complying with Plaintiff's disclosure requests, Plaintiff must be awarded reasonable expenses.

Defendants argue that they were substantially justified in not responding to Plaintiff's discovery and deposition requests because after Defendant Taub made "a substantial document production" and sat for a full day deposition, Plaintiff "started a new action in the state court." (Defs.' Resp. at 1 (ECF pagination).) Defendants "believed that the commencement of the state court litigation moved the discovery issues to that forum," and that they, therefore, were not required to respond to the discovery and deposition requests in this matter. (*Id.*)

Defendants' belief that the filing of a separate state court action relieved them of their obligation to respond to discovery requests in the instant matter was unreasonable and unjustified. Neither party requested a stay of discovery, and the Court never imposed a stay. Defendants cite no authority for automatically staying discovery in this Court and "mov[ing] the discovery issues" to a different forum when a separate state court action is filed. (Defs.' Resp. at 1 (ECF pagination).) Thus, there was no genuine dispute about whether Defendants were required to comply with Plaintiff's discovery requests.

3

Because Defendants have not shown that their failure to comply with outstanding discovery requests was substantially justified, I respectfully recommend that Plaintiff be awarded reasonable expenses incurred in making his second motion to compel.

## II.     Reasonableness of Requested Attorneys' Fees

In determining whether attorneys' fees and expenses are reasonable, courts in the Second Circuit utilize the lodestar formula—a reasonable number of hours required by the case at a reasonable hourly rate creates a "presumptively reasonable fee." *Kizer v. Abercrombie & Fitch Co.*, No. 12-CV-5387 (JS)(AKT), 2017 WL 9512408, at *2 (E.D.N.Y. July 24, 2017) (quoting *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). "The party seeking reimbursement of attorneys' fees must demonstrate the reasonableness and necessity of hours spent and rates charged." *Finkel v. Omega Comm'n Svcs., Inc.*, 543 F. Supp. 2d 156, 164 (E.D.N.Y. 2008) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)).

### A.  *Reasonable Hourly Rates*

Courts use "the forum rule" to determine whether an hourly rate is reasonable. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). "According to the forum rule, courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (cleaned up). The burden is on the fee applicant to establish the reasonableness of the hourly rate sought. *See Monge v. Glen Cove Mansion Hosp., LLC*, No. 18-CV-7229 (SJF)(SIL), 2020 WL 1666460, at *5 (E.D.N.Y. Apr. 2, 2020).

"The prevailing rates for attorneys in the E.D.N.Y. are approximately $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." *Rudler v. Houslanger & Assocs., PLLC*, No. 18-CV-7068 (SFJ)(AYS), 2020 WL 473619, at *4 (E.D.N.Y. Jan. 29, 2020) (cleaned up). "'[A]s to paralegals, courts in the Eastern District of New York have held that a range of $70 to $100 per hour is a reasonable fee.'" *Id.* at *12 (quoting *Litkofsky v. P & L*

4

*Acquisitions, LLC*, No. 15-CV-5429 (DRH)(AKT), 2016 WL 7167955, at *10 (E.D.N.Y. Aug. 19, 2016)). "Rates awarded . . . in cases not involving complex issues tend, on average, to be lower." *Alveranga v. Winston*, No. 04-CV-4356 (ARR)(CLP), 2007 WL 595069, at *7 (E.D.N.Y. Feb. 22, 2007) (citations omitted).

Here, Plaintiff requests hourly rates above the prevailing rates in this District. He requests rates of $525.00 in 2020, $600.00 in 2021, $650.00 in 2022, and $680.00 in 2023 for Andrew R. Gottesman, Esq.; $350.00 for Alex J. Otchy, Esq.; and $100.00 for an unnamed paralegal. (Invoice for Services Rendered Through January 31, 2020 ("Jan. 2020 Invoice") at 3, Ex. 2 to Mot., Dkt. 15; Pl. Reply at 8 (ECF pagination).)

Defendants point out, correctly, that Plaintiff "has failed to provide any biographical information concerning the persons who performed services." (Defs.' Sur Reply at 1 (ECF pagination).) The failure of counsel to provide "information that would allow the court to assess his experience as a factor in the reasonableness of the rate" does not in itself make the requested fees unreasonable, *Creative Res. Grp. of N.J., Inc. v. Creative Res. Grp. Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y. 2002), but it does hinder the Court's ability to determine reasonableness. In the absence of such information, I have looked up the biographical summaries of the attorneys found on their firm's website, but "will [primarily] rely on the decisional law and [my] own experience in assessing the reasonableness" of the requested rates. *Kizer* 2017 WL 9512408, at *8 (alteration in original) (citing *LV v. N.Y.C. Dept. of Educ.*, 700 F. Supp. 2d 510, 521 (S.D.N.Y. 2010)).

According to his attorney biographical summary on his firm's website, Andrew R. Gottesman, Esq., is a partner at Mintz & Gold LLP who heads the firm's bankruptcy and restructuring practice. (*Attorney Bio of Andrew R. Gottesman*, Mintz & Gold, https://mintzandgold.com/attorney/andrew-r-gottesman/ (last visited September 11, 2023).) He received his Juris Doctorate from St. John's University School of Law in 1998 and clerked for the Honorable James M. Peck at the United States

5

Bankruptcy Court for the Southern District of New York. (*Id.*) Alex J. Otchy, Esq., is an associate at Mintz & Gold in the firm's commercial litigation, corporate, and matrimonial dispute resolution practice groups. (*Attorney Bio of Alex Otchy*, Mintz & Gold, https://mintzandgold.com/attorney/alex-otchy/ (last visited September 11, 2023).) He received his Juris Doctorate from Rutgers Law School in 2016 and clerked for the Honorable Joseph V. Isabella at the New Jersey Superior Court, Civil Division. (*Id.*) Plaintiff fails to name the paralegal who performed work in this matter. (*See* Jan. 2020 Invoice at 3.)

Plaintiff does not adequately support his request for high hourly rates for work on a straightforward motion presenting no novel issues. Based on the hourly rates commonly awarded in this District for work of comparable complexity, I find that the reasonable hourly rate for Mr. Gottesman, a partner with over twenty years of experience, is $400.00. *See, e.g.*, *Konits v. Karahalis*, 409 Fed.Appx. 418, 422-23 (2d Cir. 2011) (affirming holding that prevailing rates for experienced attorneys in the Eastern District of New York Range from $300.00 to $400.00 per hour); *Incredible Foods Group, LLC v. Unifoods, S.A. De C.V.*, No. 14-CV-5207 (KAM)(JO), 2016 WL 4179943, at *4 (E.D.N.Y. Aug. 5, 2016) (finding that counsel's "almost thirty years of relevant experience in insurance defense litigation and liability claims justify a reasonable hourly rate of $400"). I find that the reasonable hourly rate for Mr. Otchy based on his more than three years of experience at the time of the billed hours is $150.00. *See, e.g.*, *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-3549 (DRH)(AKT), 2020 WL 3790348 (E.D.N.Y. July 7, 2020) (finding reasonable the hourly rate of $150.00 for junior associate); *Cabrera v. Schafter*, No. 12-CV-6323 (ADS)(AKT), 2017 WL 9512409, at *11 (E.D.N.Y. Feb. 17, 2017) (finding reasonable the hourly rate of $140.00 for attorney with three years of experience). For the unnamed paralegal, I find that the reasonable hourly rate is $75.00. *See, e.g.*, *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 95 (E.D.N.Y. 2012) ("In the absence of any explanation for a greater award here, I will award fees for the work of paralegal assistants at the hourly rate of $75").

6

### B. *Number of Hours Expended*

Having determined the presumptively reasonable hourly rates for the two attorneys and paralegal who worked on this matter, I next consider whether the hours Plaintiff claims are reasonable. Plaintiff submitted contemporaneous billing records from January 17, 2020 through February 24, 2023 to support the work his counsel did in drafting and filing the second motion to compel, preparing for and appearing at the hearing on the motion, drafting and filing the request for fees, preparing "numerous status reports," "time spent appearing at status conferences" (Pl. Reply at 4), and drafting the Reply to the fees request. (Jan. 2020 Invoice at 1-2; Pl. Reply at 6-8 (ECF pagination).)

To determine whether the hours a party claims are reasonable, a court must "use [its] experience with the case, as well as [its] experience with the practice of law, to assess the reasonableness of the hours spent." *Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166 (TCP)(WDW), 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)). Reasonable hours include the "hours actually expended less 'excessive, redundant, or otherwise unnecessary time.'" *LV*, 700 F. Supp. 2d at 524 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If a court determines that the number of hours expended were unreasonable, it may "account for such over-billing in an across-the-board percentage deduction." *Gagasoules v. MBF Leasing LLC*, 296 F.R.D. 107, 111 (E.D.N.Y. 2013) (quoting *Manzo v. Sovereign Motor Cars, Ltd.*, No. 08-CV-1229 (JG)(SMG), 2010 WL 1930237, at *8 (E.D.N.Y. May 11, 2010)).

I determine first whether the work Plaintiff's counsel did is compensable. Rule 37(a)(5)(A) allows for an award of "reasonable expenses *incurred in making the motion*, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Thus, expenses incurred in performing work that was not part of "making the motion"—such as in trying to avoid making the motion or to enforce a court order—are not covered by the rule. *See, e.g., Odom v. Navarro*, No. 09-CV-21480 (AMS), 2010 WL 547652, at *4 (S.D. Fla. Feb. 11, 2010) ("Rule 37(a)(5)(A) provides for an award of the expenses

7

incurred in filing a motion to compel, not the expenses incurred in trying to obtain discovery responses before filing a motion to compel"). Courts also should not award fees for work that was not necessary to making the motion to compel. *See LPD N.Y., LLC v. Adidas America, Inc.*, No. 15-CV-6360 (MKB), 2018 WL 6437078, at *2 (E.D.N.Y. Dec. 7, 2018) (finding fee request under Rule 37(a)(5)(A) excessive where attorney invoice included "work that would have been performed (e.g., reviewing plaintiff's document production) even absent defendants' motion to compel").

Here, Plaintiff's request for fees includes time billed between March 4, 2021 and February 10, 2023 to "draft status report[s]" and "participate in status conference[s]" after the second motion to compel was already granted. (Pl. Reply at 8 (ECF pagination).) This work was not related to or necessary for "making the motion." (*See, e.g.*, Dkt. 26 (joint status report requesting a stay in all proceedings while Defendants made settlement payments); Dkt. 39 (joint status report requesting more time for Defendants to make the final settlement payment).) Because these billing entries—dated March 4, 2021, March 14, 2022, March 22, 2022, January 5, 2023, February 6, 2023, and February 10, 2023—totaling 8.4 hours, were not incurred in making the second motion to compel, I do not consider them in assessing Plaintiff's application for fees under Rule 37(a)(5)(A).

With regard to the remaining 41.1 hours, which are related to making the second motion to compel and the Motion requesting attorneys' fees, I note the widespread use of block-billing, as well as partial redactions of billing entries. "In the context of fee applications, 'block-billing makes it difficult if not impossible for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided.'" *Marshall v. Deutsche Post DHL*, No. 13-CV-1471 (RJD)(JO), 2015 WL 5560541, at *12 (E.D.N.Y. Sept. 21, 2015) (quoting *Sheet Metal Workers' Nat. Pension Fund v. Coverex Corporate Risk Solutions*, No. 09-CV-0121 (SJF)(ARL), 2015 WL 3444896, at *12 (E.D.N.Y. May 28, 2015)). Plaintiff's billing invoices include at least eight instances where block-billing was utilized. (*See* Jan. 2020 Invoice at 1-2; Pl. Reply at 6-8 (ECF pagination).) Sometimes part of the task

8

description has also been redacted, but Plaintiff nevertheless requests the full amount of time spent on all tasks in that time entry. (*See, e.g.*, Jan. 2020 Invoice at 2.) Plaintiff's use of block-billing, partial redactions, or both, makes it impossible to determine the reasonableness of the tasks described in the billing records.

The number of hours billed is also excessive. For example, the billing invoices indicate that Mr. Gottesman spent 3 hours and 36 minutes preparing and participating in the telephone hearing for Plaintiff's second motion to compel. (Pl. Reply at 6 (ECF pagination).) According to the Court's Minute Entry, the hearing lasted 17 minutes. (*See* Minute Entry dated Mar. 3, 2020.) Plaintiff does not explain why a partner with over twenty years of legal experience spent more than three hours preparing for a hearing of this type. Moreover, the billing invoices indicate that Mr. Gottesman and Mr. Otchy together spent 20 hours drafting the second motion to compel, a less than three-page document on an uncomplicated matter, addressing Defendants' failure to comply with discovery and deposition requests. (Jan. 2020 Invoice at 1-3.) Plaintiff describes preparation of the motion as "a task which required research, careful drafting and a detailed consideration of the law and the facts" and points out that, with attached exhibits, the filing was 100 pages. (*See* Pl. Reply at 4.) However, the second motion to compel was a straightforward motion and "did not involve the analysis of novel or complex legal issues or otherwise implicate matters of first impression which might otherwise justify the hours expended." *Kizer*, 2017 WL 9512408 at *12.

Moreover, "[i]t is common, particularly with respect to discovery and other pretrial tasks, that associates shoulder much of the work, under the active supervision of partners, and that partners take lead roles as to projects for which their expertise adds value. The ratio of associate to partner hours on pretrial work typically reflects more associate than partner hours—often significantly more." *Kizer*, 2017 WL 9512408, at *11 (citing *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 51 (S.D.N.Y. 2015)); *see also Curves Intern., Inc. v. Negron*, No. 11-CV-2986 (ADS)(GRB), 2012 WL 4490542, at *7

9

(E.D.N.Y. Aug. 31, 2012) ("Given the straightforward nature of this case, it seems that an attorney of lesser experience could have performed some or all of this work") (citation omitted). Here the billing records indicate that in preparing Plaintiff's second motion to compel, Mr. Gottesman billed 10.5 hours, while Mr. Otchy billed an additional 9.5 hours. (*See* Jan. 2020 Invoice at 1-2.) Likewise, Plaintiff's records indicate that Mr. Gottesman exclusively drafted the Reply to the Motion. (*See* Pl. Reply at 8 (ECF pagination).) Plaintiff does not adequately explain why Mr. Gottesman spent so many hours on this routine discovery motion, in addition to the work of an associate, and why he expended an additional 10.5 hours on a Reply to the Motion. Accordingly, I find that the number of hours billed by Mr. Gottesman is excessive and unreasonable.

In light of all these deficiencies, I find that a reduction in the number of hours is appropriate. Courts have the "discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat" from a fee application. *Congregation Rabbinical College of Tartikov, Inc. v. Village of Pomona*, 188 F. Supp. 3d 333, 344 (S.D.N.Y. 2016) (quoting *Beastie Boys*, 112 F. Supp. 3d at 57)). Accordingly, I find that a 30% across-the-board reduction in the total attorney hours claimed by Plaintiff is warranted, reducing Mr. Gottesman's hours from 26.3 to 18.41 and Mr. Otchy's hours from 13.9 to 9.73. *See, e.g.*, *Saks Inc. v. Attachmate Corp.*, No. 14-CV-4902 (CM)(RLE), 2015 WL 2358466, at *5 (S.D.N.Y. May 15, 2015) ("Given the relative simplicity of the underlying dispute and the brief period during which this dispute was ongoing, an across-the-board reduction of 30% is fair and reasonable"); *Suggs v. Crosslands Transp., Inc.*, No. 13-CV-6731 (ARR)(MDG), 2015 WL 1443221, at *12 (E.D.N.Y. Mar. 27, 2015) (reducing hours claimed by 30% "in light of the work completed and the complexity of the issues addressed"); *Microsoft Corp. v. Computer Care Ctr., Inc.*, No. 06-CV-1429 (SLT)(RLM), 2008 WL 4179653, at *15-16 (E.D.N.Y. Sept. 10, 2008) (significantly reducing hours claimed due to excessive billing, block-billing, and the use of senior staff to perform work that could have been done by more junior staff).

Accordingly, I respectfully recommend awarding Plaintiff attorneys' fees as shown in the following chart:

|  | Hours Requested | Excluded Hours (for work unrelated to second motion to compel) | Permitted Hours (for work related to second motion to compel) | 30% Reduction in Attorney Hours | Permitted Hourly Rates | Total Allowed Fees |
|---|---|---|---|---|---|---|
| Andrew Gottesman | 34.7 | 8.4 | 26.3 | 18.41 | $400.00 | $7,364.00 |
| Alex J. Otchy | 13.9 | 0 | 13.9 | 9.73 | $150.00 | $1,459.50 |
| Paralegal | 0.9 | 0 | 0.9 | 0.9 | $75.00 | $67.50 |
| **Total** | 49.5 | 8.4 | 41.1 | 29.04 |  | **$8,891.00** |

## CONCLUSION

For the reasons stated above, I respectfully recommend that Plaintiff be awarded $8,891.00 in attorneys' fees.[2]

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: September 20, 2023
Brooklyn, New York

---

[2] Although Plaintiff moves for both "attorneys' fees and costs" (Mot. at 1), Plaintiff does not identify any costs for which he seeks reimbursement. (*See* Jan. 2020 Invoice; Pl. Reply at 6-8 (ECF pagination).) Therefore, only attorneys' fees are awarded.

11